IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMA ZAHNER<br><br>    v.<br><br>CITY OF PHILADELPHIA, et al. | CIVIL ACTION<br><br>NO.  16-2635 |

MEMORANDUM RE DEFENDANTS' MOTIONS TO DISMISS

Baylson, J.                                                                                                                June 30, 2016

### I.      Introduction

This is a civil rights action in which Plaintiff Emma Zahner alleges that she was involuntarily and erroneously incarcerated.  Presently pending are Motions to Dismiss by: (1) the Pennsylvania Department of Corrections, Robert Smith, and Jan Lamper[1] (the "Corrections Defendants"), ECF 4; and (2) the City of Philadelphia and Terence Clark (the "City Defendants"), ECF 3.

### II.     Factual Allegations

Defendant Clark is the warden of Philadelphia's Riverside Correctional Facility ("Riverside").  ECF 1 Def. Ex. A (Pl.'s Am. Compl.) ¶ 7.  Defendant Smith is the superintendent of the Pennsylvania State Correctional Institute – Muncy ("Muncy").  Id. ¶ 9.  Defendant Lamper is the Supervisor of the Intermediate Punishment Program at Muncy.  Id. ¶ 10.  Plaintiff alleges that Lamper possessed the authority to order inmates released from state custody.  Id. ¶ 84.

Plaintiff alleges that from March 17, 2015 through July 2, 2015, she was wrongfully incarcerated.  In December 2014, Plaintiff was serving a sentence of telephone reporting

---

[1] The Corrections Defendants note that Plaintiff misspelled this Defendant's name as "Lambert."

1

probation for drug-related offenses. See id. ¶¶ 13-15.[2] On December 23, Plaintiff was arrested and charged with a violation of 18 Pa. Stat. and Cons. Stat. Ann. § 5121 (West 2016) pertaining to escape. Id. ¶ 16. The judge hearing that case initially set bail at $50,000, but on March 17, 2015 entered an order changing the bail terms to unsecured bail in the amount of $50,000. Id. ¶¶ 17-18. Despite this modification, Plaintiff remained incarcerated at Riverside (a City of Philadelphia prison) from March 17 through June 29, 2015 and then at Muncy (a Pennsylvania state prison) from June 29 through July 2, 2015. Id. ¶¶ 21-23. The Commonwealth "nolle prossed" the escape charge on August 12, 2015. Id. ¶ 24.

Counts I through V seek redress for alleged violations of Plaintiff's Eighth and Fourteenth Amendment rights:

- In Count I, Plaintiff asserts a claim against the City of Philadelphia pursuant to Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978);

- In Count II, Plaintiff alleges that Clark is liable under 42 U.S.C. § 1983;

- Count III purports to assert a Monell claim against Pennsylvania's Department of Corrections;

- Count IV asserts a Section 1983 claim against Smith; and

- Count V asserts a Section 1983 claim against Lamper.

In contrast to the preceding counts, Count VI asserts a claim against Lamper for false imprisonment under Pennsylvania common law.

---

[2] Plaintiff alleges that on January 5, 2012, she was ordered to serve an intermediate 24-month drug sentence. ECF 1 Def. Ex. A (Pl.'s Am. Compl.) ¶ 12. Purportedly, this sentence was revoked on March 10, 2014 and replaced with a sentence of eighteen months' telephone reporting probation. Id. ¶ 13. However, it would seem that the 24-month sentence would have already been completed by March 2014, and exhibits 1 and 2 to the Amended Complaint appear to suggest that the only sentence actually imposed was probation. Later in Plaintiff's Amended Complaint, she alludes to Defendant Lamper's alleged refusal to abide by the March 2014 order. Id. ¶¶ 86, 88, 93, 96. Plaintiff's allegation is confusing, as Plaintiff must necessarily have been out of prison if, as she alleges, she was re-arrested in December 2014. Id. ¶ 16. In any event, the gravamen of both Plaintiff's Amended Complaint and her Oppositions to the Defendants' Motions is that she was improperly imprisoned from March 2015 to July 2015, and thus it is on the events giving rise to that detention on which the Court has focused.

With the lone exception of Lamper, Plaintiff's Amended Complaint does not allege that any of the Defendants were ever informed or aware of the order changing the terms in bail. Nor does it allege that Clark or Smith had any personal involvement in detaining or refusing to release Plaintiff in violation of the new bail terms, instead detailing only their roles as supervisors of Riverside and Muncy. The Amended Complaint conclusorily asserts that the City of Philadelphia and the Department of Corrections have "with a deliberate indifference [sic]" failed to train their employees to "implement sentences imposed by court [sic] of competent jurisdiction" (id. ¶¶ 26, 54) without identifying any specific custom, practice or policy. As to Lamper, however, the Amended Complaint alleges that Lamper deliberately chose not to follow the March 17, 2015 order changing the terms of bail even though she had authority to order Plaintiff's release. Id. ¶¶ 84, 87, 89.

### III. Analysis

#### A. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

#### B. City Defendants

##### a. Plaintiff Has Failed to Plead a Monell Claim Against the City

"[W]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation,

or decision officially adopted by the governing body or informally adopted by custom." McTernan v. City of York, Pa., 564 F.3d 636, 657 (3d Cir. 2009) (citations omitted). "[A] failure to train, discipline or control can only form the basis for section 1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." Montgomery v. De Simone, 159 F.3d 120, 127 (3d Cir. 1998).

In this case, Plaintiff has not sufficiently pled a Monell claim against the City of Philadelphia. She has not identified any policy or custom that gave rise to her injuries. McTernan, 564 F.3d at 658 ("To satisfy the pleading standard, McTernan must identify a custom or policy, and specify what exactly that custom or policy was."). Her allegations of failure to train fall short as she has not alleged any contemporaneous knowledge of her false incarceration by any of the City Defendants or knowledge of a prior pattern of similar incidents. Mulholland v. Gov't Cty. of Berks, Pa., 706 F.3d 227, 239 (3d Cir. 2013) ("There is no evidence that BCCYS employs a policy or has a custom of conducting desultory investigations, and the District Court correctly declined to subject Berks County to municipal liability for that claim.").

Furthermore, "[e]qually fatal, the four allegations in the complaint relevant to [Plaintiff's] Monell claim fail to allege conduct by a municipal decisionmaker." McTernan, 564 F.3d at 658. Plaintiff merely alludes to Clark's role as Warden of Riverside. Ross v. Project H.O.M.E., Civil Action No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable Monell claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); see also Cortlessa v. Cty. of Chester, No. Civ.A. 04-1039, 2006 WL 1490145, at *8

4

(E.D. Pa. May 24, 2006) ("The mere fact that Warden Masters, as part of his duties, supervised prison officers is, by itself, insufficient to confer 'policymaker' status.").

The Plaintiff's Monell allegations are simply conclusions of law, and under Iqbal and Twombly legal conclusions do not satisfy a plaintiff's obligation to plead facts supporting the claim. See also Santiago v. Warminster Twp., 629 F.3d 121, 132 (3d Cir. 2010) ("[M]ere restatements of the elements of [] supervisory liability claims [] are not entitled to the assumption of truth.")  Accordingly, Plaintiff's claims against the City of Philadelphia are dismissed. Dismissal shall be without prejudice to refile a Second Amended Complaint in which Plaintiff may correct these deficiencies, including by pleading more facts as to the City's alleged custom, policy or practice and the involvement of a municipal decisionmaker.

### b. Plaintiff Has Failed to State a Claim Against Clark, Warden of Riverside

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

In this case, Plaintiff has not pled any facts suggesting that Clark was involved in the decision to keep her incarcerated.  Indeed, Plaintiff has not even pled that Clark was aware of the court order that purportedly required her release.  Accordingly, Plaintiff's claims against Clark are dismissed.  Dismissal shall be without prejudice to refile a Second Amended Complaint specifying Clark's personal involvement, if any, in more detail.  If Plaintiff does not have any evidence of Clark's personal involvement, Plaintiff is given leave to add one or more individuals

5

who were employed at Riverside and may have had involvement in the decision-making at Riverside.

### C. Corrections Defendants

#### a. Plaintiff's Claims Against the Department of Corrections and all Corrections Defendants in their Official Capacities Fail

"Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity." Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) (citations omitted). Similarly, the Eleventh Amendment bars suits for money damages against state officials acting in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Furthermore, neither the Department of Corrections nor state officials sued in their official capacities are "persons" amenable to suit under Section 1983. See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Both Section 1983 and the Eleventh Amendment preclude all of Plaintiff's claims against the Department of Corrections and any Corrections Defendants sued in their official capacities. All such claims shall be dismissed with prejudice.

#### b. Plaintiff Has Failed to State a Claim Against Smith in his Personal Capacity

As noted above, Plaintiff cannot assert a Section 1983 claim against Smith merely because he is the superintendent of Muncy. Rode, 845 F.2d at 1207. Much like with Clark, Plaintiff has not pled that Smith was aware of the court order that purportedly required Plaintiff's release or was otherwise involved in any way in depriving Plaintiff of her rights. Accordingly, Plaintiff's claims against Smith are dismissed without prejudice to refile a Second Amended Complaint specifying Smith's personal involvement, if any, in more detail.

6

### c. Plaintiff Has Stated a Potential Section 1983 Claim for Eighth and Fourteenth Amendment Deprivations Against Lamper in her Personal Capacity

Count V alleges that Lamper is liable under Section 1983 for violating Plaintiff's Eighth and Fourteenth Amendment rights.

> In the context of an Eighth Amendment claim for incarceration without penological justification, this Court has held that a plaintiff must demonstrate three elements to establish § 1983 liability against a prison official: (1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention.

Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010), as amended (May 25, 2010). Similarly, a prisoner can assert a Fourteenth Amendment challenge based on confinement in excess of a release date where "(1) the process [the prisoner] received in connection with the rejection of his claims was constitutionally inadequate, (2) [the defendant] authorized that constitutionally inadequate process, and (3) the process authorized by [the defendant] caused [the prisoner's] prolonged imprisonment." Sample v. Diecks, 885 F.2d 1099, 1114 (3d Cir. 1989).

The Amended Complaint alleges that Lamper deliberately chose not to follow the March 17, 2015 order changing the terms of Plaintiff's bail even though Lamper purportedly had authority to order Plaintiff's release. Id. ¶¶ 84, 87, 89. These allegations, although vague as to when Lamper was notified of the order's existence and the specifics of what occurred,[3] suffice to allege that Lamper declined to exercise her authority to release Plaintiff despite Lamper's

---

[3] The Court notes that Plaintiff's Opposition to the Correction Defendants' Motion alleges that Lamper was notified of the March 2015 order on June 30 (via telephone) and July 1 (via written correspondence), leading to Plaintiff being released on July 2. ECF 6-2 at 2-3. The Court has not considered these averments, however, and has limited its review of Defendants' Motions to the facts alleged in the Amended Complaint.

knowledge that Plaintiff was being wrongfully imprisoned when Plaintiff arrived at Muncy.[4] However, assuming that Plaintiff will be filing a Second Amended Complaint to address other shortcomings in the Amended Complaint, the Court advises Plaintiff that more detail as to her claims against Lamper would be helpful.

### d. Plaintiff's False Imprisonment Claim Against Lamper Fails

"[A] Commonwealth agency and its employee acting within the scope of his employment is protected by sovereign immunity from intentional torts." Watkins v. Pa. Bd. of Prob. and Parole, No 02CV2881, 2002 WL 32182088, at *8 (E.D. Pa. Nov. 25, 2002). Courts have dismissed false imprisonment claims against prison officials because of this principle. E.g., Beto v. Barkley, Civil Action No. 14-CV-2522, 2015 WL 619640, at *4-5 (E.D. Pa. Feb. 12, 2015); Bosold v. Warden, SCI-Somerset, Civil Action No. 11-4292, 2011 WL 6812902, at *9-10 (E.D. Pa. Dec. 28, 2011).

In Count VI of the Amended Complaint, Plaintiff alleges that Lamper committed the intentional tort of false imprisonment. Plaintiff's allegations, however, only claim that Lamper acted within the scope of her employment as Supervisor of the Intermediate Punishment Program at Muncy. Because there is no basis to conclude that Lamper committed false imprisonment of Plaintiff outside of Lamper's role as a prison employee, Plaintiff's false imprisonment claim fails and will be dismissed with prejudice.

### IV. Conclusion

Much of Plaintiff's Amended Complaint merely recites boilerplate or conclusory allegations of supervisory or Monell liability. The Court, however, shall give Plaintiff the

---

[4] In arguing that qualified immunity shields Lamper, ECF 4 at 11-13, the Correction Defendants conflate the concept of a clearly established statutory or constitutional right of which a reasonable person would have known with knowledge of the purported court order in this case modifying Plaintiff's bail.

chance to cure these deficiencies with a Second Amended Complaint.  Her intentional tort claim against Lamper and her claims against the Correction Defendants in their official capacities, however, cannot be salvaged and shall be dismissed with prejudice.  To the extent Plaintiff does not file a Second Amended Complaint, all claims except for Count V against Lamper in her individual capacity shall be dismissed with prejudice as well.

An appropriate Order follows.

O:\CIVIL 16\16-2635 Zahner v. City of Philadelphia\16cv2635 MTD.docx