IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMMA ZAHNER,** | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 16-2635** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of the Defendants' Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMMA ZAHNER,** | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 16-2635** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia and Warden Terence Clark, by and through the undersigned counsel, hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, the Defendants incorporate the attached Memorandum of Law. The Defendants respectfully request that this Court dismiss the claims asserted against them with prejudice.

Date: July 13, 2016                    Respectfully submitted,

/s/ Michael R. Miller
Michael R. Miller
Assistant City Solicitor
Pa. Attorney ID No. 315759
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5433 (phone)
215-683-5397 (fax)
michael.r.miller@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMA ZAHNER,<br>            Plaintiff,<br><br>      v.<br><br>CITY OF PHILADELPHIA, et al.,<br>            Defendants. | Civil Action<br>No. 16-2635 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Emma Zahner seeks to circumvent Third Circuit case law by suing the City of Philadelphia without making any factual allegations regarding a municipal policy or custom. Moreover, Plaintiff's amended complaint fails to make any factual allegations regarding Warden Clark which plausibly suggest that the Warden is liable under 42 U.S.C. § 1983. Therefore, the Court should dismiss Plaintiff's claims against the moving Defendants with prejudice.

**I.      BACKGROUND**

Plaintiff initially filed this lawsuit in state court, alleging that she was wrongfully incarcerated at the City of Philadelphia Riverside Correctional Facility. On May 27, 2016, the Defendants removed this matter to federal court and then filed a motion to dismiss for failure to state a claim. *See* Docket Nos. 1, 3. The Court proceeded to dismiss Plaintiff's claims against the City of Philadelphia because "Plaintiff's Monell allegations are simply conclusions of law, and under Iqbal and Twombly legal conclusions do not satisfy a plaintiff's obligation to plead facts supporting the claim." *See* Docket No. 9 at page 5. Likewise, the Court dismissed the claims against Warden Clark because "Plaintiff has not pled any facts suggesting that Clark was involved in the decision to keep her incarcerated." *Id.*

On July 12, 2016, Plaintiff filed an amended complaint and again attempted to bring claims under 42 U.S.C. § 1983 against the City and Warden Clark. However, almost all of Plaintiff's allegations regarding Warden Clark are conclusory rather than factual. *See* Amended Cmplt., Docket No. 11 at ¶¶ 31, 34, 74-88. In fact, the only factual allegation regarding the Warden is that he oversees the Riverside Correctional Facility. *Id.* at ¶¶ 8, 73. Additionally, while Plaintiff attempts to state a claim against the City of Philadelphia in Count 1 pursuant to *Monell v. Department of Social Services of New York City*, 436 U.S. 658 (1978), her amended complaint merely adds conclusory *Monell* allegations to the existing allegations that this Court already held to be conclusory. See Amended Cmplt. at ¶¶ 45-71.

## II.   ARGUMENT

### A.   Plaintiff Fails to State a Claim in Count 1 of Her Complaint.

The Court should grant the motion and dismiss[1] the municipal liability claim set forth in Count 1 of Plaintiff's complaint. Plaintiff attempts to sue the City under *Monell*. In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official

---

[1] A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

Here, Plaintiff fails to adequately allege a *Monell* claim for multiple reasons. First, Plaintiff's amended complaint simply parrots the legal standard for *Monell* liability without pleading any actual facts regarding a municipal policy or custom. Second, Plaintiff fails to make factual allegations regarding the conduct of a municipal policymaker. Finally, the amended complaint fails to plausibly suggest that a City policy or custom was the moving force behind Plaintiff's injuries.

> 1. **Plaintiff's *Monell* Claim Fails Because She Pleads No Facts Regarding a Municipal Policy or Custom.**

The Court should dismiss the City of Philadelphia from this case because Plaintiff simply parrots the legal standard for municipal liability under § 1983 without pleading any supporting facts. The Court previously dismissed Count 1 because "Plaintiff's Monell allegations are simply conclusions of law, and under Iqbal and Twombly legal conclusions do not satisfy a plaintiff's obligation to plead facts supporting the claim." *See* Docket No. 9 at page 5. Likewise, in *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit Court of Appeals affirmed the dismissal of a *Monell* claim. *See id.* at 102. The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[d]" the elements of *Monell* liability. *See id.* at 103-04. The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *See id.* at 104 (citations and quotations omitted).

In this case, Plaintiff has tried to plead a *Monell* claim by relying on the same sort of conclusory allegations that the Third Circuit rejected in *Wood* and that this Court rejected in dismissing Plaintiff's initial complaint. *Compare* Amended Cmplt. at ¶¶ 45-71 (setting forth

*Monell* allegations), *with Wood*, 568 F. App'x at 103-04 and Docket No. 9 at pages 4-5 (discussing and rejecting similar *Monell* allegations). Such vague and general allegations fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss." *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). Instead, a complaint must include "specific *factual* allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiff's *Monell* averments include no such factual allegations. *See* Amended Cmplt. at ¶¶ 45-71. Therefore, the Court should dismiss Count 1 of Plaintiff's amended complaint. *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard of *Monell*); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing *Monell* claim for failure to plead specific facts).

> 2. **Plaintiff's *Monell* Claim Fails Because She Does Not Allege Conduct by a Municipal Policymaker.**

Plaintiff also fails to state a *Monell* claim because her amended complaint does not make factual allegations regarding the conduct of a specific policymaker involved in the formation of a custom or policy. The Third Circuit has held on multiple occasions that a complaint which

neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its *Monell* claim.  *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009); *see Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action").

In dismissing Plaintiff's initial complaint, the Court cited *McTernan* and held that Plainiff failed "to allege conduct by a municipal policymaker."  *See* Docket No. 9 at page 4.  In fact, the Court noted that Plaintiff had not even identified a policymaker, because the "mere fact" that someone is a warden does not make such an individual a policymaker.  *See id.* at page 5.  Plaintiff's amended complaint repeats these same mistakes.  The amended complaint merely sets forth the name and job title of Warden Clark, while failing to make factual allegations about the conduct of the Warden, or even to allege facts which plausibly suggest that the Warden is a policymaker.  Therefore, the Court should dismiss Count 1 of Plaintiff's complaint for this additional reason.  *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

### 3. Plaintiff's *Monell* Claim Fails Because She Does Not Plead that a Municipal Policy or Custom Was the Cause of Her Injury.

Finally, Plaintiff fails to state a claim in Count 1 for a third independent reason: her amended complaint fails to plausibly suggest that a City policy or custom was the "moving force" behind her injury. A plaintiff cannot state a *Monell* claim unless she alleges that a municipal policy or custom was the "moving force" behind a violation of her constitutional rights. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002). Here, however, Plaintiff alleges that she was kept incarcerated because the Pennsylvania Department of Corrections ("DOC") instructed the City to not release her. *See* Amended Cmplt. at ¶ 27. Taking this allegation as true, the DOC's written instruction, rather than a policy or custom of the City of Philadelphia, was the "moving force" behind Plaintiff's confinement, and Plaintiff's *Monell* claim also fails for this reason.

### B. Plaintiff Fails to State a Claim in Count 2 of Her Amended Complaint.

The Court also should dismiss the claim brought against Warden Clark in Count 2 of the amended complaint. A plaintiff cannot sustain a § 1983 claim without averring that each defendant had personal involvement in an alleged wrong. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). This rule requires a complaint to include "allegations of personal direction or of actual knowledge and acquiescence," and such allegations "must be made with appropriate particularity." *See id.* Therefore, a plaintiff cannot survive a motion to dismiss by merely making conclusory allegations of personal involvement. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010) (holding that an allegation that supervisors "told [police officers] to do what they did" was conclusory and failed to state a claim).

In its prior opinion, this Court dismissed the claims against Warden Clark because "Plaintiff has not pled any facts suggesting that Clark was involved in the decision to keep her

incarcerated. Indeed, Plaintiff has not even pled that Clark was aware of the court order that purportedly required her release." *See* Docket No. 9 at page 5. Plaintiff's latest complaint repeats these pleading failures. Once again, Plaintiff has failed to allege facts which plausibly suggest that Warden Clark was involved in the decision to keep her incarcerated. In fact, Plaintiff's bald assertions as to Warden Clark are even more conclusory than the allegations that the Third Circuit Court of Appeals deemed insufficient in *Santiago*. *Compare Santiago*, 629 F.3d at 131-32 (finding insufficient allegations that supervisors "told [police officers] to do what they did" and "permitted the use of excessive force"), *with* Amended Cmplt. at ¶¶ 31, 34, 74-88. Therefore, the Court should dismiss the claims against Warden Clark for failing to adequately set forth factual allegations regarding his conduct. *See Santiago*, 629 F.3d at 131-34 (granting motion to dismiss § 1983 supervisory liability claim).

## III. CONCLUSION

For the reasons set forth above, the Defendants request that this Court grant this motion and dismiss the claims asserted against them. Moreover, Plaintiff's repeated pleading failures demonstrate the futility of allowing her to further amend her complaint, and the Court should thus dismiss her claims with prejudice. *See Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73, 75 (3d Cir. 2013) (holding that a court may dismiss a claim with prejudice if amendment would be futile).

Date:  July 13, 2016 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Michael R. Miller
　　　　　　　　　　　　　　　　　　　　　Michael R. Miller
　　　　　　　　　　　　　　　　　　　　　Assistant City Solicitor
　　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 315759
　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　215-683-5433 (phone)
　　　　　　　　　　　　　　　　　　　　　215-683-5397 (fax)
　　　　　　　　　　　　　　　　　　　　　michael.r.miller@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMMA ZAHNER,** : | |
| Plaintiff, : | |
| : | **Civil Action** |
| v. : | **No. 16-2635** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading.

Date: July 13, 2016           /s/ Michael R. Miller
                              Michael R. Miller
                              Assistant City Solicitor
                              Pa. Attorney ID No. 315759
                              City of Philadelphia Law Department
                              1515 Arch Street, 14th Floor
                              Philadelphia, PA 19102
                              215-683-5433 (phone)
                              215-683-5397 (fax)
                              michael.r.miller@phila.gov