IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMA ZAHNER<br><br>    v.<br><br>CITY OF PHILADELPHIA, et al. | CIVIL ACTION<br><br>NO.  16-2635 |

MEMORANDUM RE DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**Baylson, J.**                                                                                                      **August 18, 2016**

This is a civil rights action in which Plaintiff Emma Zahner alleges that she was involuntarily and erroneously incarcerated at both Philadelphia and Commonwealth correctional facilities.  The Court previously granted Motions to Dismiss by (1) the Pennsylvania Department of Corrections and Robert Smith (the "Corrections Defendants"); and (2) the City of Philadelphia and Terence Clark (the "City Defendants"), while providing Plaintiff with leave to file an Amended Complaint as to most of her causes of action.  ECF 9, 10.  Plaintiff did so on July 12, ECF 11, and both sets of Defendants have again moved for dismissal, ECF 12, 14.  For the reasons that follow, Defendants' Motions shall be granted, but with leave for further amendment.

I.      **Correction Defendants' Motion**

Counts III-VI of Plaintiff's Amended Complaint assert claims against the Corrections Defendants.  The Court notes that while its prior ruling specifically dismissed Counts III and VI with prejudice, Plaintiff has again reasserted those exact same causes of action.[1]  The Court shall

---

[1] Plaintiff has filed an interlocutory appeal of this Court's prior ruling despite the fact that the Court did not direct entry of any partial final judgment pursuant to Federal Rule of Civil Procedure 54.  ECF 15.

1

again dismiss them for the same reasons they were previously dismissed. It also cautions counsel for Plaintiff that prior court orders must be followed.

As to Count IV, which alleges that Smith (the superintendent of a state correctional facility where Plaintiff was housed) violated 42 U.S.C. § 1983, Plaintiff has not opposed the Correction Defendants' Motion to Dismiss. While the Court could grant the Motion on that basis alone, Count IV would still fail on the substantive merits.

This Court previously held that

> Plaintiff has not pled that Smith was aware of the court order that purportedly required Plaintiff's release or was otherwise involved in any way in depriving Plaintiff of her rights. Accordingly, Plaintiff's claims against Smith are dismissed without prejudice to refile a Second Amended Complaint specifying Smith's personal involvement, if any, in more detail.

ECF 9 at 6; see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").

In response, Plaintiff has only added several paragraphs conclusorily asserting that Smith "directed, encouraged, approved, condoned, acquiesced or otherwise ratified" several alleged decisions to ignore court orders to release Plaintiff from custody. ECF 11 ¶¶ 20, 28, 35. The actual paragraphs in Count IV of the Amended Complaint substantially mirror those of Count IV in the original Complaint, compare ECF 11 (Am. Compl.) ¶¶ 101-117 with ECF 1 (Compl.) ¶¶ 67-80, except that the Amended Complaint has added conclusory allegations that Smith "knew or reasonably should have known of instances in which inmates, such as the plaintiff, were detained without justification." ECF 11 (Am. Compl.) ¶¶ 106-108.

Plaintiff's Amended Complaint fails demonstrate Smith's personal involvement in any alleged deprivation of Plaintiff's civil rights. Accordingly, a Section 1983 claim cannot succeed

against him. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (affirming grant of summary judgment in the face of "conclusory allegations that [defendants] had either actual contemporaneous knowledge of or any personal involvement in any violation of her constitutional rights."); Santiago v. Warminster Twp., 629 F.3d 121, 131 (3d Cir. 2010) (refusing to credit an allegation that defendants told others "'to do what they did'" in the context of a motion to dismiss). Count IV will therefore be dismissed with prejudice.

Accordingly, the Correction Defendants' Motion shall be granted. Because the Defendants did not challenge Count V (asserted against Lamper), however, that count remains.

## II.  City Defendants' Motion

Counts I and II of Plaintiff's Amended Complaint assert causes of action against the City Defendants. The Court previously dismissed both counts without prejudice to Plaintiff correcting factual deficiencies. ECF 9 at 5-6. Plaintiff failed to remedy these issues.

As to the City of Philadelphia, Plaintiff has again failed to adequately plead a Monell claim. This Court previously held that Plaintiff had not satisfied the Monell requirement that Plaintiff "allege conduct by a municipal decisionmaker" by merely alluding to Defendant Clark's role as warden of a City prison. ECF 9 at 4. Plaintiff has not identified any other purported policymaker, and thus her Monell claim fails.[2] Count I will accordingly be dismissed with prejudice.

As to Clark (the warden of a Philadelphia prison where Plaintiff was housed), Plaintiff has made only conclusory allegations that Clark "directed, encouraged, approved, condoned, acquiesced or otherwise ratified" the actions of unidentified City of Philadelphia "agents,

---

[2] This case is therefore plainly distinguishable from A v. Nutter, 737 F. Supp. 2d 341, 362 (E.D. Pa. 2010), in which high level Philadelphia officials such as the current and prior Mayors were clearly policymakers and the court held that a policy enacted by one Mayor could serve as the basis for a Section 1983 action against a subsequent Mayor who acquiesced in continuing it.

3

authorized employees, workers and/or representatives" who disregarded court orders requiring Plaintiff's release. ECF 11 ¶¶ 30-31, 34. The actual paragraphs in Count II of the Amended Complaint substantially mirror those of Count II in the original Complaint, compare ECF 11 (Am. Compl.) ¶¶ 72-88 with ECF 1 (Compl.) ¶¶ 39-52, except that the Amended Complaint has added conclusory allegations that Clark "knew or reasonably should have known of instances in which inmates, such as the plaintiff, were detained without justification." ECF 11 (Am. Compl.) ¶¶ 77-79.

These allegations are insufficient to establish Clark's personal involvement in any alleged deprivation of Plaintiff's civil rights. Chavarriaga, 806 F.3d at 222 (3d Cir. 2015); Santiago, 629 F.3d at 131. Accordingly, a Section 1983 claim cannot succeed against him. Count II alleging violations of 42 U.S.C. § 1983 shall be dismissed with prejudice.

However, the Court shall grant Plaintiff leave, if she so desires, to file a separate document titled "Amendment to the Complaint" asserting claims as against one or more John Doe defendants representing the City officials who were personally involved in Plaintiff's alleged wrongful incarceration. If discovery reveals more details of how and why Plaintiff remained unlawfully imprisoned, and by whom, she will be able to assert a Section 1983 claim against one or more currently-unknown city officials.

### III. Conclusion

The Court previously gave Plaintiff a chance to cure the deficiencies in her Complaint, and she did not do so. Accordingly, both sets of Defendants' Motions to Dismiss shall be granted. This time, dismissal shall be with prejudice. Plaintiff, should she choose to file an "Amendment to the Complaint," is expected to do so in full conformity with the rulings from this Opinion.

An appropriate Order follows.

O:\CIVIL 16\16-2635 Zahner v. City of Philadelphia\16cv2635 MTD Amended Complaint.docx