# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMA ZAHNER<br><br>v.<br><br>JAN LAMPER | CIVIL ACTION<br><br>NO. 16-2635 |

## MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Baylson, J.                                                                                         October 12, 2017

### I. Introduction

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), in which Plaintiff Emma Zahner alleges she was involuntarily and erroneously incarcerated in violation of her Eighth and Fourteenth Amendment rights. The Court has previously issued orders on two motions to dismiss and one motion for judgment on the pleadings.

### II. Procedural and Factual Background

Plaintiff initiated this action by filing a Complaint in the Court of Common Pleas, Philadelphia County on January 11, 2016. (See ECF 1 at 4). Plaintiff then filed an Amended Complaint on May 11, 2016, which defendants City of Philadelphia and Terence Clark (together, the "City Defendants") timely removed to this Court on May 27, 2016. (See ECF 1, Notice of Removal). Defendants Pennsylvania Department of Corrections, Robert Smith and Lamper (together, the "Corrections Defendants") consented to the removal. (Id. at 2). On May 31, 2016, the City Defendants and the Corrections Defendants moved to dismiss Plaintiff's Amended Complaint. (ECF 3–4). On June 30, 2016, this Court issued an Order as follows: (1) Counts One, Two and Four were dismissed without prejudice, and with leave to file a Second Amended

Complaint; (2) Counts Three and Six were dismissed with prejudice; and (3) the motion to dismiss Count Five was denied. See Zahner v. City of Philadelphia, No. CV 16-2635, 2016 WL 3569255, at *1 (E.D. Pa. July 1, 2016), appeal dismissed (Oct. 27, 2016).[1]

On July 12, 2016, Plaintiff filed a Second Amended Complaint (ECF 11), which contained all of the Counts originally alleged in the Amended Complaint. On July 13, 2016, the City Defendants moved to dismiss Plaintiff's Second Amended Complaint, and on July 25, 2016, the Corrections Defendants did the same. (ECF 12, 14). On August 18, 2016, the Court granted both Motions, and ordered that Counts One, Two, Three, Four and Six would be dismissed, this time with prejudice.[2] See Zahner v. City of Philadelphia, No. CV 16-2635, 2016 WL 4409105, at *1 (E.D. Pa. Aug. 18, 2016). Because the defendants had not challenged Count Five of the Second Amended Complaint, the Court ordered that the case would continue against Lamper only. (Id.).

On September 16, 2016, Lamper filed an Answer to the allegations contained in Count Five of the Second Amended Complaint (ECF 21), and on October 27, 2016, Lamper filed a Motion for Judgment on the Pleadings. On January 18, 2017, this Court ordered as follows: Lamper's Motion for Judgment on the Pleadings would be denied and the case would proceed as to Count Five. See Zahner v. City of Philadephia, No. CV 16-2635, 2017 WL 262006, at *1 (E.D. Pa. Jan. 18, 2017).

---

[1] On July 25, 2016, Plaintiff filed a notice of appeal of the June 30, 2016 Order, which the Third Circuit dismissed on October 27, 2016 for lack of appellate jurisdiction. (ECF 25).
[2] However, the Court granted Plaintiff leave to file, within 30 days of the August 18, 2016 Order, a separate document titled "Amendment to the Complaint" asserting claims against one or more John Doe defendants representing the City officials who were personally involved in Plaintiff's alleged wrongful incarceration. (ECF 18). Plaintiff did not file this document.

On April 29, 2017, Plaintiff filed a Motion to Amend the Complaint, pursuant to Fed. R. Civ. P. (ECF 32). On June 28, 2017, the Court issued an Order granting the unopposed Motion to Amend. (ECF 37).

On July 3, 2017, Plaintiff filed a Third Amended Complaint (ECF 38), which contained one count, entitled "Monell" claim, against Lamper for violations of Section 1983. On August 2, 2017, Lamper moved to dismiss Plaintiff's Third Amended Complaint. (ECF 39, "Def.'s Mot."). On August 7, 2017, Plaintiff filed a Response in opposition to Lamper's Motion. (ECF 40, "Pl.'s Opp'n.").

The following facts are taken from the Third Amended Complaint, and are accepted as true for purposes of the pending motion. See Fed. R. Civ. P. 12(b)(6); James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). Lamper is an employee of the Pennsylvania Department of Corrections ("DOC") and serves as a supervisor of the Intermediate Punishment Program and the Records Department at the Pennsylvania State Correctional Institute—Muncy ("Muncy"). (Third Compl. ¶¶ 7, 9). On January 5, 2012, Plaintiff received a 2-year state intermediate sentence for drug-related offenses to be served at Gaudenzia Addiction Treatment and Recovery Center ("Gaudenzia"). (Id. ¶¶ 29–30). In May 2013, Plaintiff absconded from official detention at Gaundenzia resulting in the issuance of an arrest warrant. (Id. ¶¶ 31–32). On March 10, 2014, Plaintiff "surrendered herself" to Judge Rayford A. Means of the Court of Common Pleas, Philadelphia County. (Id. ¶ 33). That same day, Judge Means revoked the state intermediate sentence, and ordered a new eighteen (18) month telephone reporting probation. (Id. ¶ 34).

On December 23, 2014, Plaintiff was arrested by Philadelphia law enforcement in relation to her absconding from Gaudenzia. (Id. ¶ 35). She was charged with an escape violation

under 18 Pa. C.S.A. § 5121, and detained at Philadelphia Riverside Correctional Facility ("Riverside"). (Id. ¶ 39). Bail was set at $50,000. (Id. ¶ 36). That same day, the DOC issued a command detainer requesting that Plaintiff be detained until she could be returned to the custody of the DOC. (Id. ¶ 37). On January 14, 2015, Plaintiff explained to her "captures" that Judge Means had revoked the state intermediate sentence and that she was now being unlawfully detained. (Id. ¶ 40). On January 22, 2015, Plaintiff participated in a Disciplinary Hearing at Muncy by hearing examiner L.S. Kerns Barns in which Plaintiff informed L.S. Kerns Barns in writing and testified during the hearing that Judge Means had entered an order revoking the state intermediate punishment sentence previously imposed on her, as a result of which she was being unlawfully detained. (Id. ¶¶ 41–43). Hearing examiner L.S. Kerns Barns prepared a written Disciplinary Hearing Report documenting Plaintiff's testimony and placed the Disciplinary Hearing Report in Plaintiff's inmate file maintained by Muncy. (Id. ¶¶ 44–45).

On March 17, 2015, the judge hearing Plaintiff's escape violation case issued an order modifying Plaintiff's bail terms to unsecured bail in the amount of $50,000 ("March 17, 2015 Order"). (Id. ¶ 49). Despite the new bail terms, which should have enabled Plaintiff to leave prison, Plaintiff remained incarcerated at Riverside from March 17, 2015 through March 26, 2015, and was then transferred to Muncy and incarcerated there from March 26, 2015 through June 10, 2015. (Id. ¶¶ 51, 53). On June 10, 2015, Plaintiff was transferred back to Riverside until June 29, 2015, when she was transferred back to Muncy and held there until her release from custody on July 2, 2015. (Id. ¶¶ 53–55). Plaintiff alleges that the DOC detainer from December 23, 2014 caused the City of Philadelphia prison system not to issue the release of Plaintiff from custody in accordance with the modified bail terms from the March 17, 2015 Order. (Id. ¶ 50).

4

As a supervisor at Muncy, Lamper's duties included, among many other things, "collecting sentencing and resentencing orders," "[f]orward[ing] all sentencing and resentencing orders to the CSCU Department at the State Correctional Institute—Muncy," maintaining records related to the release of inmates, and authorizing the release of inmates consistent with sentencing and resentencing orders. (Id. ¶ 10). According to Plaintiff, Lamper "deliberately chose" not to follow her duties when she did not timely request or review the sentencing orders––including the March 17, 2015 Order modifying Plaintiff's bail terms—prior to admitting Plaintiff into custody at Muncy. (Id. ¶¶ 63–66). As the supervisor of the Records Department, Lamper was responsible for the "scheduling/preparation of inmate releases" and had the ability to "authorize the release of the inmate consistent with sentencing." (Id. ¶ 10).[3]

## III. Standard of Review

Rule 12(b)(6) requires the dismissal of a complaint which fails to state a claim upon which relief can be granted. The statement must be sufficient to provide a defendant the fair notice required by Rule 8. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The United States Supreme Court established a two-part test to determine whether to grant a motion to dismiss. See Ascroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). First, the court must ascertain whether the complaint is supported by well-pleaded factual allegations. Iqbal, 556 U.S. at 679.

---

[3] In the Plaintiff's Response in opposition to Lamper's Motion, Plaintiff alleges Lamper was notified of the March 17, 2015 Order by telephone on June 30, 2015 and by written correspondence on July 1, 2015, but still chose not to release Plaintiff from custody. (Pl.'s Opp'n. at 2). This allegation was also presented in Plaintiff's Second Amended Complaint, filed on July 12, 2016. (ECF 11). However, this allegation does not appear in Plaintiff's Third Amended Complaint, so it cannot be considered by the Court in determining the outcome of Lamper's Motion to Dismiss. See, e.g., In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1424–1425 (3d. Cir. 1997) (defendants' brief in support of their motion to dismiss could not be used by the court in ruling on a motion to dismiss because its use went beyond the facts alleged in the Complaint and the documents on which the claims made therein were based).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555.

Taking the well-pleaded facts as true, the court must then determine whether the plaintiff is "plausibly" entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir 2009). That is, the pleadings must contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679. In short, a complaint must not only allege entitlement to relief, but must also demonstrate such entitlement with sufficient facts to push the claim "across the line from conceivable to plausible." Id. At 683; accord Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010).

## IV. Discussion

### a. Monell Theory of Liability is inapplicable

In Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), the Supreme Court determined that municipalities and local government units can be sued directly under Section 1983 because they are included within the group of "persons" that are subject to Section 1983. Id. at 690. Additionally, the Monell Court held that "local government officials sued in their official capacity are "persons" under § 1983 in those cases in which local government is suable in its own name." Id. at 658. In the present case, Plaintiff does not bring allegations against any state, local government, or municipality, and Plaintiff's allegations against Lamper are still limited to suing Lamper in her individual capacity.[4]

Additionally, a defendant in a civil rights action must have personal involvement in the alleged wrongs. Liability cannot be predicated solely on the operation of *respondeat superior*. Id. at 691–92. Monell liability can attach only when the individual sued is considered a

---

[4] In previous complaints, Plaintiff alleged Section 1983 violations against the Pennsylvania Department of Corrections and the City of Philadelphia. (See ECF 1, 11). This Court dismissed those claims on July 1, 2016 and August 18, 2016. See 2016 WL 3569255; 2016 WL 4409105.

6

"lawmaker" or someone "whose edicts or acts may fairly be said to represent official policy" of the municipality. Id. at 694. In the present case, as pled, Lamper's role as the "supervisor of the Records Department" would not be sufficient to represent the entire entity. (Third Compl. ¶ 9).

Accordingly, a Monell theory of liability is inapplicable in the present case.

   b.   **Sovereign Immunity**

Lamper additionally argues that, regardless of the sufficiency of the Third Amended Complaint, Plaintiff's claim is barred by the doctrine of sovereign immunity, as established by the Eleventh Amendment of the United States Constitution, because Monell liability is only applicable against local governments or municipalities for acts of their employees arising from a governmental policy or custom. (Def.'s Mot. at 8). Lamper cites several cases indicating that the Commonwealth, including state correctional institutions, and its employees, in their official capacities, are immune from Monell claims. (Id.). Plaintiff responds that sovereign immunity cannot shield Lamper from liability because "[t]he law is well established that a defendant named in their individual capacity is not protected by sovereign immunity within the meaning of the provisions of the Eleventh Amendment." (Pl.'s Opp'n. at 6).

The Court has already concluded that Monell liability does not apply to Lamper. However, there are numerous Section 1983 cases holding that a government official named in her individual capacity does not receive any sovereign immunity protection. See, e.g., Hafer v. Melo, 502 U.S. 21 (1991) (holding that a governmental official in the role of an individual capacity defendant falls into the definition of a person that can be subject to suit for damages under Section 1983). See also Kentucky v. Graham, 473 U.S. 159 (1985) (Kentucky State Police Chief was held liable in his individual capacity for violations of constitutional rights under Section 1983 while acting in his official capacity).

## V.     Conclusion

For the foregoing reasons, Lamper's Motion to dismiss Plaintiff's Third Amended Complaint will be GRANTED and the case will proceed on Count V of Plaintiff's Second Amended Complaint, as to Lamper individually.

An appropriate Order follows.

O:\CIVIL 16\16-2635 Zahner v City\Final Memo re Motion to Dismiss Third Amended Complaint.docx